# Culbertson v. Lightner.

The affidavit under the Act of July 14, 1897, that the appeal is not for delay, &c., if filed with the appeal, on the first Monday of the term following the date of appeal is in sufficient time.

No affidavit of defense having been filed as required under the rules of Court requiring "that in appeals from the judgment of a Justice of the Peace, the appellant shall, within ten days after the filing thereof, file a specific affidavit of claim or defense" such neglect is fatal to the Appellant's cause.

APPEALS—AFFIDAVIT UNDER ACT OF JULY 14, 1897, P. L. 271— RULE OF COURT RELATING TO APPEALS.

No. 1, August Term, 1902, C. P. of Perry Co.

J. L. Markel, Esq., for rule.

John C. Motter, Esq., contra.

Opinion by SCHULL, P. J., August 4, 1902.

At instance of plaintiff, a rule was obtained in above action to show cause "why appeal should not be stricken from the record as having been improvidently granted," and averring "that the defendant neglected to take any appeal from said finding until April 14, 1902, nor did he make the affidavit required by the Act of July 14, 1897, P. L. 271."

The facts as appear by the transcript and record show that suit was regularly entered before the Justice, summons issued and duly served, and on Jan. 17, 1902, judgment entered for plaintiff. On Jan. 27, 1902, the defendant entered bail for costs, and took transcript of appeal, which he entered on April 14, 1902, in the Prothonotary's office of the Court of Common Pleas of Perry county to said above number and term. The January term of said Court was held on the week beginning Jan. 20, 1902, and the April term convened on the second Monday in April, to wit, on April 14, 1902. Thus it appears that "appellant within twenty days after judgment entered bail," and "filed the transcript in the Prothonotary's office on or before the first day of the next term of Court" in accordance with the Act of March 20, 1810. See 5 Sm. Laws, 164.

The Act of July 14, 1897, on which appellee relies to sustain

Culbertson v. Lightner.

his rule, provides "that from and after the first day of July, 1897, no appeal shall be entertained from the judgment of a Justice of the Peace or Alderman unless the appellant or his agent or Attorney shall make affidavit that the appeal is not for delay, etc."

Presumably, it was the intent of the Legislature to make the affidavit required under the provisions of said last-recited Act a prerequisite to the taking of the appeal, but it does not so state; neither do we have any rule of Court upon the subject making such affidavit a pre-existent necessity to the taking of the appeal. The language of the Act is that "no appeal shall be entertained." Where is it the appeal shall not be entertained? Evidently in the Common Pleas Court of the county. It cannot be entertained until the proceedings are filed, and in this instance they were filed in sufficient time, to wit, on the first Monday of the term following the date of appeal, and, when filed, the affidavit was thereto appended; having been made on that same day, it appeared as a part of the record. Therefore the appeal could not be stricken off for the reasons assigned in the application for rule. It does appear, however, upon inspection of the record, that no affidavit of defense was filed as required under rule 8, Section 28, of the Rules of Court, which provides that "in appeals from the judgment of Justices of the Peace the appellant shall, within ten days after the filing thereof, file a specific affidavit of claim or defence." No reasons were assigned for non-compliance with this rule, and we deem the neglect to be fatal to the appellant's cause.

And now, Aug. 4, 1902, judgment is hereby entered for plaintiff in the sum of $33 and costs.

Reported by Walter W. Rice, Esq.,
New Bloomfield, Pa.